# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **OUT OF DISTRICT MAIN CASE** | § | **No. 99-99999** |
| | § | |
| Debtor. | § | |
| | | |
| **Mokaram-Latif West Loop, Ltd.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Adversary No. 25-03825** |
| | § | |
| **Ali Choudhri** | § | |
| | § | |
| Defendant. | § | |

## MOTION OF TRAVIS VARGO, STATE COURT APPOINTED RECEIVER, TO REMAND OR ABSTAIN, OR ALTERNATIVELY STRIKE NOTICE OF REMOVAL

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
UNITED STATES BANKRUPTCY JUDGE :

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

COMES NOW, Travis Vargo, the State Court appointed Receiver, and files this his

*Motion of Travis Vargo, State Court Appointed Receiver, To Remand or Abstain, Or*

*Alternatively To Strike Notice Of Removal* (the "Receiver's Motion") and in support thereof would respectfully show the Court as follows:

## I.
## SUMMARY OF RELIEF REQUESTED

1.      Ali Choudhri ("Choudhri"), through one of his lawyers – Justin Rayome ("Rayome") – has now, for the *third* time, sought to remove the post judgment proceedings pending in *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, under Cause No. 2012-27197-D  (the "D-Case") pending in the 333rd Judicial District Court of Harris County, Texas (the "Receivership Court").  Ostensibly, Choudhri now seeks to remove the D-Case to an allegedly affiliated bankruptcy proceeding pending in the Western District of Texas, Austin Division styled *In re: Meandering Bend, LLC* under Case No. 25-11334-smr which was filed on August 5, 2025, well in excess of the 90 day limitation for removal.

2.      The removal was improper both because it was filed out of time and because the matters pending in the D-Case are exclusively state law matters involving the post-judgment supervision of the Receiver in connection with collection against Choudhri who is a non-debtor.  The removal also violates Judge Isgur's orders entered in Adversary No. 24-3224 and 24-3225[1] wherein he held "It is ordered that the remanded proceedings may not be again removed in violation of Bankruptcy Rule 9027." A true and correct copy of the first D-Case Removal Order is attached hereto as Exhibit 1.  The Court should remand the D-Case back to the Receivership Court or, alternatively, strike the

---

[1]   Adv. 24-3224 styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri* ("First A-Case Removal"); Adv. 24-3225 styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri* ("First D-Case Removal")

*Notice of Removal* [ECF 1] because the filing constitutes a flagrant violation this Court's oral ruling on November 13, 2025 in Adversary 25-03628 styled *Mokaram-Latif West Loop, LLP v. Ali Choudhri*[2] (the "Removed A-Case") prohibiting Choudhri from taking any affirmative action in this Court.

## II.
## RECEIVER'S OBJECTION TO ENTRY OF FINAL ORDERS AND JUDGMENTS

3.      In accordance with Local Rule 9027-2 and 3, the Receiver hereby notifies the Court that he  does not consent to the entry of any final orders or judgments in non-core proceedings.

## III.
## RELEVANT FACTUAL BACKGROUND

### A.  The underlying Judgments and appointment of the Receiver

4.      Choudhri, Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II, LLC ("Dalio II") are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in the D-Case.  Choudhri, alone, is the judgment debtor of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in the A-Case.

5.      On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case*.  Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "The D-Case Receivership

---

[2]   This Adversary was initiated by the removal of the companion post judgment proceeding styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri* pending under Cause No. 2012-27197-A in the 333rd Judicial District Court of Harris County, Texas (the "A-Case")

Order"). A true and correct copy of the D-Case Receivership Order is attached hereto as Exhibit 2.

6. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case. Thereafter, on April 7, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "The A-Case Receivership Order"). A true and correct copy of the A-Case Receivership Order is attached hereto as Exhibit 3.

7. Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the "Receivership Orders"), the Receiver was given exclusive control over all of the Choudhri Receivership Assets, as therein defined. Subsequent to the entry of the Receivership Orders, the Western District of Texas entered three separate orders[3] confirming that the Receiver has the exclusive right to management and control – including litigation rights – of the Choudhri Receivership Assets, excluding those Choudhri Receivership Assets that are the subject of pending bankruptcy proceedings. True and correct copies of the Authority Orders are attached hereto as Exhibit 4-A through 4-C, respectively.

## B. The prior removal attempts

8. Both prior and subsequent to the appointment of the Receiver, Choudhri has effectively manipulated the bankruptcy process in both the Southern and Western

---

[3]   In re: Texas REIT, LLC ECF 784; In re: 1001 WL, LLC ECF 996, In re: RIC (Lavernia) LLC ECF 304 (collectively the "Authority Orders")

Districts of Texas. Each effort bought him time but ultimately failed. As noted above, this is the *third* removal attempt by Choudhri of the D-Case.

a. Adv. 24-3224 styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri* ("1st A-Case Removal").
   i. Removed on November 4, 2024 [ECF 1];
   ii. Motion to Remand filed November 8, 2024 [ECF 5]
   iii. Motion to Transfer Venue filed November 13, 2024 seeking to transfer the case to *In re: Texas REIT, LLC* pending in the Austin Division of the Western District of Texas pending under Case No. 24-10120-smr [ECF 11];
   iv. Order Remanding Adversary Proceeding entered December 2, 2024 [ECF 23]

b. Adv. 24-3225 styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, et al* ("1st D-Case Removal")
   i. Removed on November 4, 2024 [ECF 1];
   ii. Motion to Remand filed November 8, 2024 [ECF 2]
   iii. Motion to Transfer Venue filed November 13, 2024 seeking to transfer the case to *In re: Texas REIT, LLC* pending in the Austin Division of the Western District of Texas pending under Case No. 24-10120-smr [ECF 11];
   iv. Order Remanding Adversary Proceeding entered December 2, 2024 [ECF 16][4]

c. Adv. 25-03628 styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri* ("2nd A-Case Removal")
   i. Removed August 29, 2025 [ECF 5]
   ii. Motion to Transfer Venue filed September 2, 2025 seeking to transfer the case to *In re: Meandering Bend, LLC* pending in the Austin Division of the Western District of Texas pending under Case No. 24-11334-smr [ECF 8];
   iii. Motion to Remand filed September 11, 2025 [ECF 10]
   iv. Motion to Transfer Venue denied November 13, 2025
   v. Motion to Remand denied November 13, 2025[5]

---

[4] True and correct copies of the Order Remanding Adversary Proceeding entered December 2, 2024 [ECF 16] and the Order Remanding Adversary Proceeding entered December 2, 2024 [ECF 23] (collectively the "Isgur Orders") are attached hereto as Exhibit 1 and Exhibit 5

[5] This Court concluded that the ruling on the Motion to Remand could be a violation of the automatic stay imposed upon the filing of the Meandering Bend case. The Chapter 7 Trustee in the Meandering Bend case has agreed to the entry of an order lifting the automatic stay. The motion and agreed order were filed at ECF 102 in the Meandering Bend case and are attached hereto as Exhibit 6. The motion is set for hearing on December 5, 2025 at 2:00 p.m.

    d.    Adv. 25-03630 *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, et al* ("2<u>nd</u> <u>D-Case Removal</u>")
  i. Removed on August 8, 2025 [ECF 1]
  ii. Motion to Transfer Venue filed August 20, 2025 seeking to transfer the case to *In re: Dalio Holdings I, LLC* pending in the Austin Division of the Western District of Texas pending under Case No. 25-11157-smr [ECF 2];
  iii. Motion to Remand filed September 7, 2025 [ECF 6]
  iv. Order Dismissing Case for Lack of Subject Matter Jurisdiction [ECF 33][6]

## E.    Other Relevant Orders

9.    As noted above, Judge Isgur in considering the Motions to Remand in the 1st A-Case Removal and the 1st D-Case Removal ruled as follows:

> 3.    The Court respectfully requests that Judge Robinson determines whether the automatic stay applies to either remanded adversary proceeding. Although presented to this Court, the Court abstains in favor of Judge Robinson with respect to that determination. The Court notes that the plaintiffs in the adversary proceeding have waived notice provisions as to the timing of the filing of a motion respecting the automatic stay issue to be determined at the already-scheduled December 19, 2024 hearing. This Court expresses no view on when the hearing should be conducted.

and

> 5.    It is ordered that the remanded proceedings may not be again removed in violation of Bankruptcy Rule 9027.

10.    In furtherance of the direction of Judge Isgur, Judge Robinson, at a time prior to the appointment of the Receiver, concluded in his *Order Granting In Part Ali Choudhri's Second Amended Motion To Enforce Automatic Stay* (the "<u>Robinson Stay Order</u>") as follows:

---

[6] The Dalio Holdings I, LLC bankruptcy proceeding was dismissed on September 19, 2025 by the Hon. Shad Robinson. The order of dismissal is attached hereto <u>Exhibit 7</u>

**IT IS THEREFORE ORDERED** that regarding the cases *Mokaram-Latif West Loop, Ltd., et al. v. Choudhr*i, Cause No. 2012-27197-A, [2] pending in the 333rd Judicial District Court of Harris County, Texas, and *Mokaram-Latif West Loop, Ltd. v. Choudhri, et al.*, Cause No. 2012-27197-D,[3] also pending in the 333rd Judicial District Court of Harris County, Texas (the "State Court Actions"), the automatic stay does not apply to actions asserted by the Judgment Creditors against Ali Choudhri personally and his personal assets.

A true and correct copy of the Robinson Stay Order is attached hereto as Exhibit 8.

11.     Albeit the Robinson Stay Order was entered in the Texas REIT case prior to the time of the appointment of the Receiver, but the subject matter remains unchanged – whether the pursuit of collection in the State Court Actions (being the A-Case and D-Case) violates the automatic stay.  Judge Robinson concluded that *it did not*.

**IV.**
**ARGUMENT AND AUTHORITIES**

### A. The third removal of the D-Case is untimely.

12.     Rule 9027 provides that the notice of removal of a matter that was pending prior to the commencement of the subject bankruptcy proceeding shall be signed pursuant to Rule 9011 and may be "filed *only* within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, *if the claim or cause of action has been stayed under §362* of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 case but not later than 180 days after the order for relief.  Rule 9027 Bank. R. P. (emphasis added).  Rule 9027(2)(A) applies in this matter.

13.     The Meandering Bend Case was commenced on August 5, 2025 and the

case was converted from a Chapter 11 proceeding to a Chapter 7 proceeding on September 9, 2025. A true and correct copy of the Docket Sheet for In re: Meandering Bend, LLC is attached hereto as Exhibit 9. The Notice of Removal was filed on November 16, 2025 which is 104 days following date of the order for relief in the Meandering Bend Case. Accordingly, the removal of the D-Case should be denied on the grounds that it was untimely, and being untimely, the filing also constitutes a violation of the Isgur Orders.

**B. The Court should remand the D-Case or, alternatively abstain because all matter for consideration involve state law issues between non-debtors**

**i. All matters in the D-Case (and A-Case) involve post judgment supervision of the Receiver**

14. Removal of bankruptcy-related claims are governed by 28 U.S.C. § 1452(a), which provides that "[a] party may remove any . . . cause of action . . . to the district court for the district where such civil action is pending, *if such district court has jurisdiction* of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a) (emphasis added). It is well settled in the Fifth Circuit that if a matter sought to be removed does not invoke a substantive right created by the Bankruptcy Code and could exist outside of a bankruptcy proceeding it is not a core proceeding; though it may be *related* to the bankruptcy because of its potential effect, "but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987).

15. The matters pending in the D-Case are not core because they consist only of the supervision of the Receiver in connection with his collection of the judgments entered against non-debtors – Choudhri, Dalio I and Dalio II. The Receiver was appointed pursuant to Chapter 31 of the Texas Civil Practices and Remedies Code. The Receiver,

pursuant to Chapter 31, is an agent of the Receivership Court who in turn exercises supervision over the Receiver.  There is not a claim present in the D-Case that "invokes a substantial right provided by title 11" and the proceeding is not one "that, by its nature, could arise only in the context of a bankruptcy case." *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 930 (5th Cir. 1999).*

16.     Importantly, Meandering Bend – the Debtor whose property rights and interests are allegedly being challenged by the Receiver – is not even a party to the D-Case or the A-Case. *See Allain v. Exxon Mobil Corp.,* No. 16-437-BAJ-RLB, 2016 U.S. Dist. LEXIS 182432, at *12 (M.D. La. 2016) (finding a state court lawsuit between parties other than the debtor was a non-core proceeding).  The enforcement of the judgment and the supervision of the Receiver are outside of the jurisdictional grant of the Bankruptcy Court. *Stern v. Marshall*, 564 US 462 (2011) (holding that Article III prohibits bankruptcy courts from entering a final judgment on a state common law claim).  If the D-Case proceeds in a bankruptcy court – this one or the Western District – that bankruptcy court cannot enter final orders in any matter still pending in the D-Case.  Accordingly, if the Court concludes that the removal was procedurally appropriate, the Court, in keeping with *Stern* should remand the proceeding because all of the matters for determination are outside the jurisdictional grant afforded an Article III judge.

### ii. The Court must abstain pursuant to 28 U.S.C. §1334(c)(2) because none of the claims are core.

17.     Under 28 U.S.C. § 1334(c)(2), Courts consider the following four-part test: (1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court.  *In re Houston Reg'l Sports Network, L.P.*,

514 B.R. 211, 214 (Bankr. S.D. Tex. 2014) (citing *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997)).

18.     Here, each of the four factors are met and thus abstention is mandatory. First, there is no basis for federal jurisdiction other than the "related to" jurisdiction under §1334(b) argued by Choudhri.  Second, no issues in the D-Case (or A-Case) are core matters as set out above. Third, an action has already commenced in state court – this case has been pending since 2012. Fourth, the action can timely be adjudicated in state court – particularly if Choudhri will refrain from abusing the process – because the issues to be resolved in this case were set for hearing in state court at the time of remand. Accordingly, based on the facts before it, the Court is required to abstain from hearing this case. The Court should remand this case back to the Receivership Court.

### iii.     Alternatively, the Court should abstain per § 1334(c)(1).

19.     Section 1334(c)(1) allows a bankruptcy court to abstain from hearing claims "in the interest of justice, or in the interest of comity with State courts or respect for state law." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting 28 U.S.C. § 1334(c)(1)). In determining whether to remand, the courts consider the following factors: "(1) Effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention; (2) Extent to which state law issues predominate over bankruptcy issues; (3) Difficult or unsettled nature of applicable law; (4) Presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) Jurisdictional basis, if any, other than § 1334; (6) Degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) The substance rather than the form of an asserted core proceeding; (8) The feasibility of severing state law claims from core bankruptcy matters to allow

judgment to be entered in state court with enforcement left to the bankruptcy court; (9) The burden of the bankruptcy court's docket; (10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) The existence of a right to a jury trial; (12) The presence in the proceeding of non-debtor parties; (13) Comity; and (14) Possibility of prejudice to other parties in the action." *Hous. Baseball Partners LLC v. Comcast Corp. (In re Hous. Reg'l Sports Network, L.P.)*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014). 20. Here, nearly every factor counsels towards abstention and remand. As argued elsewhere in this motion, the D-Case is a purely post-judgment matter involving non-debtors and, as such, appropriately belongs in the Receivership Court.  The Court should remand this case back to Receivership Court immediately so that the administration of the Receivership may proceed.

## CONCLUSION

Choudhri, in violation of the Isgur Orders and this Court's ruling on November 13, 2025 has again removed the D-Case for no purpose other than to frustrate efforts of the Receiver to fulfill his mandate in the Receivership.  Meandering Bend is not a party to the D-Case or the A-Case and, accordingly, there is no bankruptcy court jurisdiction.  In the absence of jurisdiction, this Court must abstain from hearing this case and send it back to the Receivership Court.

## PRAYER

Wherefore, premises considered, Travis Vargo, State Court Appointed Receiver, respectfully prays that this Court (1) strike the Notice of Removal, or alternatively (2) remand the case back to the 333rd District Court of Harris County, Texas, and (3) for such other and further relief, in law and in equity, as is just.

Dated this the 21st day of November 2025.

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel.   210.426.3600
Fax   210.426.3610

By: */s/ Leslie M. Luttrell*
      Leslie M. Luttrell
      State Bar No. 12708650
      luttrell@lclawgroup.net

**ATTORNEYS FOR TRAVIS B. VARGO, STATE COURT-APPOINTED RECEIVER**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 21st day of November 2025, I caused a copy of the foregoing instrument to be served on the following through the Court's ECF System.

**Plaintiff's Counsel:**
Thomas Michael Ballases            *Via Email: ballases@hooverslovacek.com*
Hoover Slovacek LLP
5051 Westheimer
Ste 1200
Houston, TX 77056

**Defendant's Counsel:**
Justin Peter Louis Rayome         *Via email: justin.rayome.law@gmail.com*
1001 West Loop South
Suite 700
Houston, TX 77027

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell